### WHEELER v. SEDGWICK.

An objection of the defendant that the evidence admitted in the court below tended to prove that he was not solely liable to the plaintiff for one of the items of the account sued upon, cannot be made for the first time in this court,

ERROR to the Circuit Court of the United States for the Southern District of New York.

This was an action of assumpsit by the defendant in error, assignee in bankruptcy of Frederick S. Comstock and James M. Wheeler, formerly partners engaged in business as stock-brokers under the firm name of F. S. Comstock & Co., against George M. Wheeler, to recover certain moneys claimed to be due on account of stock operations of said firm on his account. The case below turned upon the question whether Comstock & Co. had authority from Wheeler to make certain purchases and sales on his account, and, if not, whether he subsequently ratified them.

Among other items in dispute was an account headed "G. M. W. Chicago and North-western, $6,125.62," which the bankrupt Comstock testified was one-half of a balance due the firm in a transaction in which he and Wheeler were jointly interested. The plaintiff below asked this witness, "What authority, if any, had you from George M. Wheeler

to make purchases and sales of North-western stock in which you and he should be jointly interested?" The defendant objected to this question, and the witness did not answer it. The witness further testified, in answer to other questions, to which no objection was made, that the firm of Comstock & Co. had certain side transactions in North-western stock for and on account of George M. Wheeler, and by his authority; that there was an agreement between witness and defendant, of which witness's partner was ignorant; that, if the account showed a profit, witness would take half of the profit when they closed it up, and, if the account showed a loss, witness would stand one-half of the loss; that those transactions extended to Jan. 31, 1868, and resulted in a loss of $12,251.23, one-half of which was transferred to defendant's individual account, and the other one-half in like manner to witness's account. A witness was thereupon called by the plaintiff, who, without objection, furnished a statement, including the " G. M. W., Chicago and North-western " account, and showing, with interest on the several items, a net balance of $26,458.90, due from the defendant.

After the testimony was closed, the defendant asked the court to direct a verdict for the defendant, on the ground that there was no proof upon which to maintain the action; but the court refused so to direct, and thereupon charged, substantially, that if the jury found that Comstock & Co. had authority from the defendant to buy and sell the stocks referred to in the testimony, or, if they had no such authority, that the purchases and sales were subsequently ratified by the defendant, then the plaintiff was entitled to recover, and that the amount of that recovery should be $26,458.90.

The defendant thereupon excepted to the ruling that the plaintiff was entitled to recover $26,458.90.

The jury found a verdict for that amount in favor of the plaintiff, and judgment was rendered thereon. The defendant thereupon sued out this writ, and assigns for error, among others, the admission in evidence of the account upon which the defendant below and one of the bankrupts were jointly liable, and the including of one-half of the amount thereof in the verdict of the jury.

Argued by *Mr. Thomas M. Wheeler* for the plaintiff in error, and by *Mr. F. N. Bangs, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

We find no error in this record. To say the least, there was some evidence before the jury tending to prove the items of the account upon which the suit was brought, and the court, therefore, properly refused to instruct the jury to find for the defendant.

The jury were not instructed that the plaintiff was entitled to recover the amount of $26,458.90 at all events, but only in case all the questions in dispute were found in his favor. That there was no controversy as to the amount of the recovery, if the other questions were settled in favor of the plaintiff, is evident from the fact that a witness was called, who, without objection, furnished the jury a calculation of interest upon the several items of the account as stated. No exception was taken to the charge as given upon the material points in litigation between the parties.

The attention of the court below was not called to the particular objection now taken to the recovery of one-half the amount shown to be due upon the account headed, " G. M. W. Chic. and N. W. account," to wit, that it was a joint account of the defendant and one of the bankrupts, and that the defendant could not be sued upon it alone. This being the case, it is too late to make it now. The exception, as it appears in the record, is " to the ruling that the plaintiff was entitled to recover $26,458.90." If it was desired to exclude the item of $6,125.62 because of the non-joinder of another party originally interested in that part of the account, the point should have been distinctly and specifically made, and an appropriate exception taken upon the record. The evidence to prove this item in the account was not objected to The question put to the witness Comstock, which was objected to, was not answered.

We see nothing in the exceptions to the rulings of the court upon the admissibility of testimony which requires particular mention, as we are satisfied of their correctness.

*Judgment affirmed.*