Peterson & Freund v. Rone.

*2. ——: allowance to wife for appeal: appeal not taken : allowance set aside.*

76 447
103 167
76 447
129 396

PETERSON & FREUND v. RONE *et al.*

**Fraudulent Conveyance:** MOTHER TO SON: EVIDENCE. A mother who was indebted to plaintiffs, and who was being pressed for payment, conveyed her real estate to her son, who was a young man making his home with her, and who knew of her circumstances, and that, after the conveyance, she had no property left out of which plaintiffs could realize their claim. *Held* that a presumption of fraud arose which he was bound to overcome (*Elwell v. Walker*, 52 Iowa, 256); and that his own evidence, in which he was unable to tell with any certainty where he got the money to pay for the land, or when the several payments were made and how much they were, was insufficient to overcome the presumption.

*Appeal from Cedar District Court.*—HON. J. H. PRESTON, Judge.

FILED, DECEMBER 22, 1888.

ACTION in chancery by a creditor's bid to subject certain lands to judgments against one of the defendants. Plaintiffs' petition was dismissed, and they appeal.

*W. G. W. Geiger* and *H. C. Carr*, for appellants.

*Wolf & Harley*, for appellees.

BECK, J.—The plaintiffs recovered judgments against defendant Mrs. Rone which, in the aggregate, with costs, amounted to about six hundred dollars. After the notes were given upon which the judgments were rendered, she conveyed two hundred acres of land to her son, her co-defendant, for an alleged consideration of one thousand dollars. She owned an undivided interest in the land, which was worth more than two thousand dollars. The deed to her son was undoubtedly made to defeat her creditors. The son knew of the existence of the indebtedness, and that, after the conveyance of the land to him, his mother did not hold property from which plaintiffs' claims could be made. The evidence is neither clear nor satisfactory as to the time and amounts of payments made by the son for the land. He is, in his own testimony, indefinite and uncertain, when he ought to have had direct and clear knowledge upon these things. He is a young man, making his home with his mother, and he fails to account for the sources from which he obtained the money paid to his mother. As he had knowledge of his mother's indebtedness to plaintiffs, and that they were urging payment thereof, a presumption of fraud arises which he is bound to repel. *Elwell v. Walker*, 52 Iowa, 256. But he has introduced no evidence to that effect. Indeed, the evidence in his behalf supports the presumption of fraud. In view of these conclusions, and others tending in the same direction, we think the district court erred in dismissing plaintiffs' petition. A decree will be entered in this court, or, at plaintiffs' option, in the court below, granting the relief prayed for in their petition.

REVERSED.