GAMET & OGDEN AND Z. T. NOYES v. W. R. SIMMONS
AND GEORGE A. WALLACE, Appellants, and GAMET
& OGDEN AND Z. T. NOYES v. MAHULDA WALLACE
AND W. R. SIMMONS, Appellants.

**Fraudulent Conveyance:** EVIDENCE.  A conveyance by a man heavily
indebted, to his son-in-law and his stepdaughter, neither of whom
had any money or property with which to meet the payments,
which it is claimed were to be made for it, and which were evi-
denced by their notes, given while they lived in the family of the
grantor, and while they knew of his indebtedness, is fraudulent
as to grantor's creditors.

SAME: *Notice.*  Where a purchaser of land has knowledge of such
circumstances as would put a prudent person on inquiry as to the
intent of the grantor to hinder or delay his creditors, the convey-
ance is fraudulent.

CONSIDERATION.  A transfer of land to one's stepdaughter, based
on a promise which is not binding on the promisor, is voluntary
and fraudulent as to creditors, where he has no other property
left with which to pay debts.

*Rule Applied.*  The promise by a stepfather, to deed land to his
stepdaughter, as soon as she was married, if before that time she
will travel with and take care of him, is not binding upon him
where she is a minor, and he is standing in *loco parentis.*

ACTION TO SET ASIDE: *Joinder.* Several judgment creditors may
1   join in an action to set aside a fraudulent conveyance.

LADD, J., took no part.

*Appeal from Harrison District Court.*—HON. SCOTT M.
LADD, Judge.

TUESDAY, OCTOBER 12, 1897.

CREDITORS' bill to subject certain real estate, the
legal title to which is in George A. Wallace and
Mahulda Wallace, to the payment of certain judg-
ments against W. R. Simmons. From a decree grant-
ing the relief prayed, defendants appeal.—*Affirmed.*

*J. S. Dewell* for appellants.

*S. H. Cochran* for appellees.

DEEMER, J. — The plaintiffs in the two suits
entitled as above are the same, and they were brought
against a common defendant, W. R. Simmons, to set
aside two certain conveyances made by Simmons,—one
to George A. Wallace, his son-in-law, and the other to
Mahulda Wallace, his stepdaughter. The two suits
were tried at the same time, and upon practi-
cally the same evidence. To the petitions, which
are in the usual form, defendants filed a motion
to require plaintiffs to elect as to which of them they
would prosecute, and to dismiss as to the other, for the
reason that there was a misjoinder of parties plaintiff
and causes of action. From the petitions it appears
that each of the plaintiffs obtained judgment against
W. R. Simmons on the same day, and that the convey-
ances in question were made with intent to defraud
the creditors of the judgment debtor. In the case of
*Gorrell v. Gates,* 79 Iowa, 632, we held that several
judgment creditors may join in an action to set aside

a fraudulent conveyance.   The defendants' motion was properly overruled.

II.   Appellees obtained their judgments against Simmons in April of the year 1894.   The conveyances which they seek to set aside were made on the thirteenth day of December, 1893.   Simmons is a blind man, who puts in most of his time begging. Prior to the making of the deeds he married a widow with one daughter, Mahulda.   This girl was then six years of age.   After the marriage the child traveled with and helped to care for Simmons during his pilgrimages, until she was about twelve years of age.   About a month prior to the time the conveyances were made, Mahulda married George Wallace, and the two have lived with Simmons ever since. At the time the deeds were executed, Simmons was heavily in debt, of which fact both George and Mahulda Wallace had knowledge.   He owned or had title to about two hundred and fifty acres of land of the value of about two thousand dollars.   One hundred and seventy acres of this land he conveyed to George Wallace in consideration, as he says, of an assumption by Wallace of the indebtedness then standing against it, and the execution of notes to the amount of nine hundred dollars.   Wallace had no property at this time, and no means whereby he might reasonably expect to pay his obligations.   Forty acres, incumbered to the extent of 'four hundred dollars, he transferred to Mahulda Wallace, in consideration, he says, of a promise made her that, if she would travel with and take care of him, he would deed her some land as soon as she was married.   He also conveyed to her ten acres of the land, for which she gave him her note for one hundred dollars. He also transferred forty acres to one Sconlar at or about the same time, and retained forty acres as his homestead.   Almost immediately upon receipt of the notes

Simmons delivered them to a relative in Appanoose county, to whom he claims to have sold them. The one hundred dollar note given by Mahulda Wallace she paid from proceeds of timber cut from the ten-acre tract. Without setting forth even the substance of the evidence relied upon by appellees to sustain their plea of fraud, it is sufficient to say that we are constrained to believe that their claim is established. Neither of the grantees in these deeds had any money or property with which to meet their notes. They lived in the family of the grantor, and knew that he was heavily involved, and we are satisfied that Mahulda Wallace did not know of the conveyances to her until some time after they were made. We doubt very much the story with reference to the execution, delivery, and transfer of the nine hundred dollar notes by George Wallace. The evidence tends to show that these notes were handed to Mrs. Simmons, the wife of the grantor, and were placed in a trunk by her. George Wallace was, according to his claim, a purchaser of the land; and the rule is well settled that, if a purchaser has knowledge of such facts and circumstances tending to show that the debtor intends by the sale to hinder, delay, or defraud his creditors as would put a prudent person upon inquiry, the sale is fraudulent. *Redhead v. Pratt,* 72 Iowa, 99. That he had knowledge of such facts is apparent, and the conveyance is, therefore, fraudulent. The same rule obtains as to the ten acre tract conveyed to the stepdaughter. The conveyance of the forty acres calls for the application of another principle. The alleged promise on which the conveyance was based was made by Simmons to his stepdaughter, while she was a minor, and he was standing in *loco parentis,* and it was not binding upon him. *Dick v. Grissom,* 1 Freeman Ch. (Miss.) 434; *Gerdes v. Weiser,* 54 Iowa, 591; *Irish v.*

*Bradford*, 64 Iowa, 304; *Swartz v. Hazlett*, 8 Cal. 118.
A transfer based upon such a promise was voluntary,
and under the showing made in this case, was for
that reason, fraudulent. Bump, Fraudulent Convey-
ances, p. 230; *Elwell v. Walker*, 52 Iowa, 256; *Peterson
v. Rone*, 76 Iowa, 447. The decree of the district court is
right and it is AFFIRMED.

LADD, J., took no part.