# TRAVER *v.* SMOLIK.[*]

---

EVIDENCE; RES GESTÆ; APPEAL AND ERROR; ASSAULT; VARIANCE; DAMAGES; OBJECTIONS AND EXCEPTIONS; INSTRUCTIONS TO JURY.

1. In an action for an assault alleged to have occurred at the defendant's house when the plaintiff called to collect a bill, a statement made by the plaintiff to the effect that she was hurt and that a man had thrown

---

[*] *Evidence—Res Gestæ.*—For authorities passing upon how near the main transaction declarations must be made to constitute part of the *res gestæ,* see note to *Ohio & M. R. Co.* v. *Stein,* 19 L.R.A. 733.

her out, made after the plaintiff had walked several blocks and had returned to her employer's shop, is inadmissible over the objection of the plaintiff, not being part of the *res gestæ* and therefore being a self-serving declaration, and if admitted in evidence the action of the trial court is prejudicial error, especially where the evidence of the parties is evenly balanced. (Following *Metropolitan R. Co.* v. *Collins*, 1 App. D. C. 383; and *Washington & G. R. Co.* v. *McLane*, 11 App. D. C. 220.)

2. A reversal will be directed unless it appears beyond doubt that the error complained of did not, and could not, have prejudiced the rights of the parties.

3. In an action for an assault alleged to have been made upon the plaintiff at the defendant's house when the plaintiff called to collect a bill, testimony that on another and different occasion another person called on the defendant with a package to deliver it and collect therefor, and that on that occasion the package was taken by a servant who returned and said that the defendant would settle the bill later, and that thereupon the servant shut the door in the caller's face, is inadmissible.

4. Testimony by a physician in an action for assault is inadmissible in behalf of the plaintiff when it is to the effect that upon an examination of the plaintiff, made sixteen months after the alleged assault, he found evidence of an injury to one of plaintiff's shoulders and a scar on one of her knees, and when the plaintiff has not testified to having received any such injuries, and there is no claim for such injuries in her declaration.

5. It is error for the trial court to instruct the jury in an action for assault that the pecuniary circumstances of the defendant may be considered in assessing compensatory damages to the plaintiff.

6. General objections by the plaintiff to instructions granted by the trial court at the request of the defendant are insufficient and will not be considered, especially where some of the instructions are correct.

7. Objections to instructions should be clearly stated and the portions of the instructions objected to should be accurately pointed out and the specific ground of objection stated, so that the trial court may have the opportunity to correct the error, if any has been committed. (Following *De Forest* v. *United States*, 11 App. D. C. 458.)

No. 2708.   Submitted December 10, 1914.   Decided February 1, 1915.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover damages for an alleged assault and battery.

*Reversed.*

The Court in the opinion stated the facts as follows:

This is an action in tort, brought by appellee, Rosa B. Smolik, plaintiff below, to recover from defendant, Elizabeth T. Traver, damages for an alleged assault and battery.

It appears that plaintiff was employed at the time in the dressmaking establishment of one Madam Adele in this city. On the day of the alleged assault, plaintiff called at the home of defendant for the purpose of fitting a waist ordered by defendant, and also to collect a bill due her employer. On entering defendant's house, she was told by the butler that defendant was engaged, and could not see plaintiff for an hour. Plaintiff waited, and, in about an hour, defendant appeared. According to the testimony of plaintiff, defendant undertook to forcibly take the waist from plaintiff, and, in doing so, struck her several times, and ordered her to leave the house. Defendant then ordered her butler to eject plaintiff from the house. The butler seized her and carried her out of the door and dropped her upon the front steps. The jury returned a verdict in favor of plaintiff, and, from the judgment thereon, this appeal was taken.

*Mr. Samuel Maddox* and *Mr. H. Prescott Gatley* for the appellant.

*Mr. Henry H. Glassie* and *Mr. Joseph H. Bilbrey* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Error is assigned in the admission of a statement made by plaintiff to the witness Brooks on her return to her employer's house. Witness testified that, when plaintiff returned to the shop from defendant's house, "she was half crying and sort of limping;" that she stated to witness, "I am hurt, the man has thrown me out." It was error to admit this statement over the objection of defendant's counsel. The statement was self-serving, and could only be held admissible on the theory that it was

part of the *res gestæ.* While the exact time which elapsed between the commission of the alleged assault and the making of the statement does not appear, it was shown that plaintiff had to walk several blocks from defendant's house to her place of employment. Under these conditions, the statement became mere hearsay, and was, therefore, inadmissible. *McCarrick* v. *Kealy,* 70 Conn. 642, 40 Atl. 603, 4 Am. Neg. Rep. 364; *Metropolitan R. Co.* v. *Collins,* 1 App. D. C. 383, 386; *Washington & G. R. Co.* v. *McLane,* 11 App. D. C. 220. In the latter case, the court, distinguishing between spontaneous statements which are admissible as part of the *res gestæ* and statements merely narrative of the transaction, said: "But though we think the declarations made by the boy at the place of the accident were admissible, we think the declarations made by him in the ambulance on the way to the hospital, in answer to the questions addressed to him by the officer in charge of the ambulance, could hardly be justified by the cases. He had then been removed from the scene of the accident, and his statement to the officer was of the character of a narrative of a past occurrence."

The admission of this statement was highly prejudicial to defendant. The evidence was very evenly balanced. The testimony of plaintiff alone as to the commission of the alleged assault was denied by both defendant and her butler. The effect of the admission of this statement was to make the witness Brooks a corroborating witness as to the commission of the assault. The rule announced in *Vicksburg & M. R. Co.* v. *O'Brien,* 119 U. S. 99, 30 L. ed. 299, 7 Sup. Ct. Rep. 118, applies here: "It is well settled that a reversal will be directed unless it appears, beyond doubt, that the error complained of did not and could not have prejudiced the rights of the parties. *Smith* v. *Shoemaker,* 17 Wall. 630, 639, 21 L. ed. 717, 719; *Deery* v. *Cray,* 5 Wall. 795, 18 L. ed. 653; *Moores* v. *Citizens' Nat. Bank,* 104 U. S. 625, 630, 26 L. ed. 870, 872; *Gilmer* v. *Higley,* 110 U. S. 47, 50, 28 L. ed. 62, 63, 3 Sup. Ct. Rep. 471."

The second assignment of error goes to the competency of the testimony of the witness Smith, who testified "that in June, 1910, he was employed by the Postal Telegraph Company, of

this city, as a messenger boy. That within a week of June 25, 1910, as such messenger boy, he took a package from the said dressmaking establishment of said Madam Adele to the house of said defendant, with instructions to deliver the same and collect therefor. That at the door of defendant's home he was met by a servant, who took the package and returned to the door and told witness to tell Madam Adele that the defendant stated she would go down and settle for it in person, and thereupon said servant shut said door in his face." This testimony related to a matter entirely foreign to the present case. Error in its admission is so apparent that we will not consume time with its consideration.

The third assignment of error is to the admission of the testimony of a physician to the effect that plaintiff consulted him about sixteen months after the date of the alleged assault, when "at that time he found no evidences of injuries except a slight impairment in the movement of one shoulder and that said plaintiff complained of pain in her shoulder. Witness further testified that he found a scar on one of plaintiff's knees. That the condition of her shoulder might have been caused by a blow." An examination of the record fails to disclose any evidence on the part of plaintiff to the effect that, as the result of the alleged assault, she suffered injuries to her shoulder, or that the scar on her knees resulted from the alleged assault. Neither is there any claim of such injury set out in the declaration. The physician does not presume to say that the injury he found resulted from the assault. Had the hiatus been supplied by the testimony of plaintiff, or witnesses on her behalf, there would still have been a serious question as to the competency of this evidence; but, in the absence of any connection being shown between the injuries alleged to have been received by plaintiff, and the injuries testified to by the physician, the evidence was clearly inadmissible.

The fourth assignment of error is to an instruction by the court that the jury might take into consideration the "pecuniary circumstances of the defendant, and award the plaintiff such damages as will, under all the circumstances of the case, com-

pensate for the injury to the person and feelings suffered by Miss Smolik by reason of the unlawful act of the defendant, if they shall find that defendant assaulted and struck her; and if they further find that the female plaintiff was treated with reckless violence and indignity by the defendant and her colored butler, acting under and by her directions, then they may award such further damages as they may think proper from all the evidence to punish such conduct, and deter defendant from like conduct in the future."

Undoubtedly it was error to instruct the jury that the pecuniary circumstances of defendant could be considered in assessing compensatory damages. But were there no other error in the case, this assignment would not be considered, for the reason that proper objection was not made in the court below. After the court had concluded its instructions to the jury, the record discloses the following: "And thereupon the court gave such instructions, which instructions were by the court, without modification or qualification, read to the jury in its charge, to the granting of which said instructions, and each of them, the defendant, by her counsel, then and there duly excepted and prayed the court to note the same upon its minutes, which was done." Appellate courts look with disfavor upon general exceptions which fail to assign the specific grounds of objection. Here, two instructions were given involving a series of subjects, all of which, with this single exception, were correct. It is now sought, without opportunity afforded the court below to correct its error, to select a single sentence of the instructions, and predicate reversible error upon it. While a proper exception is always available to a litigant to preserve his rights on appeal, he will not be permitted to convert the right into a deceptive agency to be used, if occasion requires, for the purpose of securing a new trial. It is always incumbent upon counsel to clearly state his objections, and to accurately point out, not only the portion of the instructions objected to, but the specific ground of objection, so that the trial court may have an opportunity to correct the error. *Bell* v. *Sheridan*, 21 D. C. 370; *De Forest* v. *United States*, 11 App. D. C. 458; *Wheeler* v. *Sedgwick*, 94 U.

S. 1, 24 L. ed. 31; *Congress & E. Spring Co.* v. *Edgar,* 99 U. S. 645, 25 L. ed. 487, 1 Am. Neg. Cas. 375; *Burton* v. *West Jersey Ferry Co.* 114 U. S. 474, 29 L. ed. 215, 5 Sup. Ct. Rep. 960, 10 Am. Neg. Cas. 568; *Van Stone* v. *Stillwell & B. Mfg. Co.* 142 U. S. 128, 35 L. ed. 961, 12 Sup. Ct. Rep. 181; *Holloway* v. *Dunham,* 170 U. S. 615, 42 L. ed. 1165, 18 Sup. Ct. Rep. 784.

We have reviewed all of the errors assigned by counsel for defendant, and they seem to be ample to justify a reversal. The judgment is therefore reversed with costs, and the cause remanded with directions to grant a new trial.

*Reversed and remanded.*