ARTHUR C. PERRY, GUARDIAN, APPELLANT, v. FIRST NATIONAL BANK, ADMR., ETC., RESPONDENT.—68 S. W. (2d) 927.

Kansas City Court of Appeals. February 19, 1934.

*Gilmore, Brown & Gilmore* for appellant.

*Cooper, Neel, Kemp & Sutherland,* and *Johnson, Lucas, Landon & Graves* for respondent.

CAMPBELL, C.—This is an action to recover an alleged debt. The plaintiff's petition alleged that Arthur C. Perry was the guardian of Janet Perry, a minor; that defendant, First National Bank of Kansas City, was a corporation and administrator with the will annexed of the estate of Matt R. Smith, deceased; that said Matt R. Smith died August 25, 1930; that decedent at the time of his death was indebted to Janet Perry in the sum of $5000, for which judgment was prayed. The cause was tried to the court, without aid of a jury, and resulted in finding and judgment for the defendant. The plaintiff has appealed.

The facts are: The decedent, Matt R. Smith, in the lifetime of his daughters, Lillian and Lucille, gave to each of his three sons a present in the sum of $5000; that plaintiff intended to give but had not given to either of his daughters a like sum; that decedent's daughters died in 1918-1919; that decedent's daughter Lucille was survived by her husband, Arthur C. Perry, and their child, Janet Perry.

Arthur C. Perry testified that in a few days after the death of his wife Mr. Smith said to him "that he owed my wife $5000; that my wife's sister died just one week before my wife and her husband was in Kansas City and he said he was going to pay $5000 and agreed to give me—he said that he was going to pay Mr. Judson $5000, Lillian's wedding present, and 'I want to pay you Lucille's wedding present.' I told him at the time I did not want the money for myself but I wanted it for Janet and accepted the debt for Janet, telling Mr. Smith I wanted him to keep the money and pay Janet interest on it the same as he had the mother. He agreed to this."

"Q. Was that all the conversation the first time? A. No, he said 'all right, I will keep this money and use it as I have been doing and pay the interest to Janet.' "

The witness also said that in a few days after the conversation above stated he was in Mr. Smith's office and that at that time Mr. Smith said: "I am ready to pay you this $5000 in cash. I said that I did not want the money myself but would accept it for Janet and asked him to continue using the money, paying the interest to Janet. On this occasion Mr. Smith said to his secretary "get my check book;" that the check book was placed on the desk of Mr. Smith, and that he thereupon said to plaintiff "this is Lucille's wedding gift." Plaintiff does not claim that Mr. Smith wrote or signed a check.

Mr. Smith in a letter written in 1924 stated that he owed his granddaughter, Janet, the sum of $5000; and in his will which was

dated April 10, 1925, it was recited that he was indebted to his granddaughter "in the sum of $5000 as is evidenced in a certain writing heretofore made and should said sum of $5000 not be paid to my granddaughter during my life time, then I declare the same to be a lien upon my estate and to be paid as the payments of the legacies herein provided for." The debt mentioned in the letter and in the will was the debt which Mr. Perry "accepted" for his daughter Janet.

The plaintiff contends that the evidence shows that Matt R. Smith made a present of the sum of $5000 to Janet Perry; that though Mr. Smith did not actually deliver the gift his acts and statements were such that he became the debtor of the alleged donee. Undoubtedly, Mr. Smith intended to give his granddaughter, Janet, the sum of $5000. It is also clear that after the promise to give was made Mr. Smith considered that he was indebted to his granddaughter in the sum of $5000.

In our opinion the evidence was insufficient to show a gift *inter vivos* for the reason that Mr. Smith did not part with dominion or control or right of dominion or control of the subject of the alleged gift. Even though Mr. Smith had executed a check for the purpose of making his granddaughter a present of the sum stated therein, the intended gift would not have been perfected until the check was paid. [28 C. J. 66.] And had Mr. Smith executed his written promise for the sum named as a gift to his granddaughter it, could not have been enforced against him during his life nor against his estate after his death. [Greenabaum v. Elliot, 60 Mo. 150; Brooks v. Owen, 112 Mo. 251.]

Mr. Smith did not divest himself of right in or control of his account in the bank, against which he intended to draw a check. The death of Mr. Smith revoked the imperfect gift. [28 C. J. 651.]

The appellant, among other authorities, cites the case of Townsend v. Schader, 275 Mo. 227. In the Townsend case the subject of the gift was bonds, the obligations of a third person. The donor withdrew the bonds from a bank, intending to make a gift of them to the donee. The donor, instead of placing the bonds in the hands of the donee, put them in a vault "for her." Later, the donee took the bonds from the vault and retained them until she loaned them to her brother. It is clear that the court found that the bonds were actually delivered to the donee, thus recognizing the established rule that delivery is an essential element of a gift.

In the instant case the alleged donor failed as a matter of law to invest his granddaughter with title in anything. He merely attempted to constitute himself the debtor of his granddaughter. The transaction was nothing more than a promise to give and was not enforcible. [Harris Banking Company v. Miller, 190 Mo. 640.]

The judgment is affirmed. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.