ARTHUR C. PERRY, GUARDIAN, ETC., APPELLANT, v. FIRST NATIONAL BANK ET AL., RESPONDENTS.—91 S. W. (2d) 78.

Kansas City Court of Appeals. February 17, 1936.

Gilmore, Brown & Gilmore for appellant.

Johnson, Lucas, Landon, Graves & Fane and Cooper, Neel, Kemp & Sutherland for respondents.

SHAIN, P. J.—This is an action in equity in which the appellant, plaintiff below, seeks to establish a trust, in the sum of $5,000 against monies and personal property in the hands of respondent, defendant below.

We will hereinafter refer to the parties as plaintiff and defendant to correspond to situation in trial court.

Arthur C. Perry, plaintiff, is the father of and sues as guardian of the estate of Janett Perry, a minor. Matt R. Smith, deceased, is the grandfather of Jannett Perry. The defendant, First National Bank of Kansas City, is administrator with the will annexed of the estate of the said Matt R. Smith.

It is contended by the father and guardian of Janet Perry that Matt R. Smith in his lifetime, in conformity to past gifts given the other members of his family, offered a gift of $5000 to him which he refused to take and asked Matt R. Smith to keep the $5000 and send the interest to Janett Perry, minor, as aforesaid. It is further contended that Matt R. Smith said he would be glad to keep the money and use it and whenever he was called upon to pay it he would be glad to do so.

There are ample allegations supported by testimony that, in the light of a former decision of this court of which more will be hereinafter said, we would express as an ineffectual attempt of Matt R. Smith to constitute himself the debtor of his granddaughter, Janett, in the sum of $5000.

Based upon the facts briefly stated above, plaintiff contends that Matt R. Smith carved out of his estate a dry trust estate of $5000 for his said granddaughter and that he in effect selected himself as trustee of said trust estate and this plaintiff prays for a judgment and decree establishing said alleged trust and for directions as to possession and administration of the same.

The defendant joined issue in the case at bar by alleging that the issues involved in this suit had been fully and finally adjudicated in a former suit between the same parties and touching the same subject matter, which suit was before this court for review and is reported in 228 Mo. App. 486, 68 S. W. (2d) 927.

Judgment in trial court was for defendant and plaintiff has appealed.

## Opinion.

In a former suit the same subject matter declared upon, but in a different theory was before this court for consideration. The parties, plaintiff and defendant, are exactly the same as in the former suit.

The case was presented in the former hearing upon the theory that the $5000 was a completed gift made by Matt R. Smith in his lifetime to his granddaughter, Janett, which gift, it was alleged, the donor had retained in a way that constituted him a debtor in the sum of $5000 to his said granddaughter. In the review of the case as then presented, 228 Mo. App. 486, 68 S. W. (2d) 927, this court sustained the judgment of the trial court for the defendant.

The theory upon which the decision in the former case is based is, that the evidence was insufficient to show a gift *inter vivos*.

The plaintiff in the present action meets the claim of *res adjudicata* on a theory to the effect, that an action based upon one theory of legal right does not preclude from renewing the litigation on a new theory.

It has been declared by the Supreme Court that, although a suit is brought as one at law for damages, yet, if all the essential allegations are statements of a suit in equity and the evidence shows that plaintiff is entitled to maintain a suit to impress a trust and the cause will not be changed by a proper amendment, then, the court of review will exercise its discretion and remand the cause so as to permit amendment and trial on the evidence there adduced. [Mann v. Bank of Greenfield, 323 Mo. 1000, 20 S. W. (2d) 502.]

While it is the law that a judgment of a court of competent jurisdiction, upon the direct question involved in a suit, is conclusive, still there has been recognized by the courts of this State the principle

enunciated in Russell v. Place, 94 U. S. 1. c. 608, wherein it is held that:

"It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to this operation of the judgment must appear, either, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record (as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered), the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined."

Based upon the above declaration of law, this court has held that where a suit is brought on an express contract and prosecuted to final judgment for the defendant, that a suit thereafter brought by the same plaintiff and against the same defendant on an implied contract and concerning the same subject matter can be maintained. [Fritch Foundry & Machine Co. v. Goodwin Mfg. Co., 100 Mo. App. 414.]

The plaintiff has cited the cases above referred to, together with others of the same import, as going to the question of right to maintain this second suit.

The suit at bar being one in equity, we must take cognizance of the law as it has been declared by the Supreme Court of this State to the effect, that where the equities of a second bill are materially different from a first bill the adjudication of the first is not a bar to the second even though the origin of both are the same. [Stephens v. Moor, 298 Mo. 215.]

The question of whether or not the plaintiff herein has a right to maintain this second suit, in the light of the authorities cited and discussed above, is an interesting one. However, from an examination of the authorities and the record, we conclude that there is no material difference between the equities of the first suit and the equities of the second suit. It is manifest that the same evidence that was relied upon to establish a gift in the first suit is now relied upon to establish a trust.

We cannot help but conclude that the judgment in the former suit between the same parties, 228 Mo. App. 486, 68 S. E. (2d) 927, is as to the suit at bar res adjudicata.

However, if it could even be concluded that there was a material difference in the equities, we would be confronted with another difficulty that precludes recovery for plaintiff in the present case. It is this: in our opinion in the former case, we concluded that the al-

378

leged gift was unexecuted or imperfect. Concerning such, the Supreme Court of Missouri in Northrip v. Marge, 255 Mo. 1. c. 654, said, "These necessary conditions to the existence of a completed verbal ʊ. ⟩st of personal property, exclude from that category, all voluntary executory agreements for the creation of such a trust, as well as all unexecuted or imperfect gifts of personal property."

Judgment affirmed. *Bland, J.,* concurs.