## BROWN et al. v. NAMAN.

### No. 1893.

Court of Civil Appeals of Texas. Waco.

Nov. 4, 1937.

Rehearing Denied Dec. 23, 1937.

Albert Derden, of Marlin, for plaintiffs in error.

Prentice Oltorf, of Marlin, and Naman & Howell, and Wm. J. Boswell, all of Waco, for defendant in error.

· GALLAGHER, Chief Justice.

This suit was instituted by W. W. Naman to recover on a promissory note executed by R. A. Brown and A. G. Brown. An attachment was issued and levied on 106 acres of land, situated in Falls county, as the property of R. A. Brown. Boyce D. Brown was made a party defendant because the title to the attached land stood in his name on the deed records of said

352

county. The parties will be designated as in the trial court.

Plaintiff, at the close of the evidence, requested a peremptory charge in his favor, which was refused. The court then submitted the case on special issues, in response to which the jury found, in substance: (1) The deed from ·R. A. Brown conveying the attached land to Boyce D. Brown was not made with intent to hinder, delay, or defraud plaintiff, Naman, in the collection of his debt; (2) said deed was based on a valuable consideration; (3) said deed was not a gift. Plaintiff promptly filed a motion for judgment in his favor non obstante veredicto, on the ground that the uncontroverted evidence showed that the deed from R. A. Brown to Boyce D. Brown was without a consideration valuable in law to support the same and was void as to him under article 3997 of our Revised Statutes. The court, about a month thereafter, rendered judgment in favor of plaintiff, Naman, against R. A. Brown and A. G. Brown in the aggregate sum of $1,791.96, and foreclosed the attachment lien against them and the defendant Boyce D. Brown on said tract of land. The court, in said judgment, recited the verdict of the jury, the filing of said motion, and the ground stated therein, and in that connection found specifically that the uncontradicted evidence showed that said deed was not upon a consideration deemed valuable in law; that the grantor therein, R. A. Brown, was not then possessed of property within this state subject to execution sufficient to pay his existing debts; and that said deed was void as to said Naman, a prior creditor. No motion for new trial was made. All the defendants joined in petition for writ of error.

### Opinion.

Defendants make no complaint of the procedure followed in this cause. They present a single assignment of error, which is, in substance, that the court erred in holding that said deed from R. A. Brown to Boyce D. Brown, purporting to convey to him the land herein attached, was not upon a consideration deemed valuable in law and was for that reason void as to said Naman. There is little, if any, conflict in the testimony. Naman held the note sued on which had been executed by R. A. Brown and A. G. Brown. A. G. Brown was insolvent. R. A. Brown owned a homestead in Falls county, a tract of land containing 106 acres in Limestone county, and the 106 acres in Falls county herein attached. Naman's debt was about to be barred by limitation, and he requested that the same be renewed and secured. While he was so insisting, R. A. Brown conveyed both the land attached and the tract in Limestone county to Boyce D. Brown, thereby divesting himself of all property subject to execution. Said conveyances were dated December 7, 1933. Naman, having learned of the same on February 17, 1934, instituted this suit. He charged in his petition that the conveyance of the land attached was void as to him under certain provisions of the statute of frauds. Boyce Brown asserted in his answer, in substance, that R. A. Brown had theretofore executed and delivered to him a certain promissory note, hereinafter described; that said note was given in consideration of said R. A. Brown's holding in trust and in the name of said R. A. Brown, all of said Boyce D. Brown's interest and share in his mother's estate; that said note did represent such interest and constituted the consideration for the conveyance of said two tracts of land to him.

The note aforesaid was executed by R. A. Brown and was payable to Boyce D. Brown. It was dated April 13, 1926, due November 21, 1926, and for the sum of $5,000. It bore no interest. The following indorsement appearing at the top of the paper on which it was written: "This note is given to make Boyce Brown's interest in estate equal to present date." The testimony showed that at the time said note was executed all the property owned by R. A. Brown and his wife was community; that they had five children, of whom Boyce Brown was the youngest; that the four older children had prior thereto received advancements from the community estate amounting in the aggregate to approximately $33,000; and that Boyce Brown had not received anything. There was no testimony that Mrs. Brown ever knew of the existence of said note or that her actions were in any way affected thereby. She, on March 5, 1929, executed a will in which her husband was made sole legatee. She died October 12, 1929. R. A. Brown, after her death, remained in control of the attached property. He rented the same to tenants for the year 1934. The testimony, however, does not show whether the rental contract for said year was made before or after he

deeded the property to Boyce. The testimony does not disclose any transaction involving the note held by Boyce from the time it was executed to the time he surrendered the same in return for the conveyance of said land, more than seven years after its maturity. Both R. A. and Boyce Brown testified that said note represented Boyce's interest in his mother's part of the property and that R. A. Brown received the land under her will. They also testified that there was no other consideration for said note. The deed conveying the tract of land attached recited the payment of $10 and other good and valuable considerations. R. A. Brown testified that he received the $10 and said note in return for said deed and that there was no other consideration therefor. The deed from him to Boyce conveying the tract of land in Limestone county was not introduced in evidence.

Defendants submit two propositions under their said assignment. They contend therein, in substance, that the testimony showed an agreement between R. A. Brown and his wife that he should execute and deliver said note, and that, in consideration of his doing so, she would devise her interest in the community estate to him. The testimony has been recited as fully and as nearly in its proper sequence as practicable. No such agreement is shown thereby, nor are the facts and circumstances in evidence sufficient to support a reasonable inference that such agreement was made and acted on by R. A. Brown and his wife. Texas & N. O. R. Co. v. Warden, 125 Tex. 193, 78 S.W.2d 164, 166, pars. 4 and 5; Green v. Texas & P. Ry. Co., 125 Tex. 168, par. 1, 81 S. W.2d 669; Baker v. Loftin, Tex.Com.App., 222 S.W. 195, par. 4; Baylor University v. Chester Savings Bank, Tex.Civ.App., 82 S.W.2d 738, 746, par. 12, and authorities there cited. Boyce Brown was only one of the heirs of his mother's half interest in the community property which might be transmitted by inheritance at her death. No property was so transmitted, and defendants wholly failed to show any connection between said note and the devise by Mrs. Brown, more than three years thereafter, of her interest in the community property to her husband. If said note was executed and delivered to represent a share in the estate approximately equal to the respective amounts theretofore received by the four older children, it did not create an obligation enforceable against R. A.

Brown so long as it remained in the hands of the original payee, but constituted, in legal effect, a mere voluntary promise of an increased share in the final distribution of either the whole or the wife's half of the community estate. As bearing more particularly on want of consideration for the note given by R. A. Brown to Boyce and its enforceability against either him or his estate. See 6 Tex.Jur. p. 650, § 53, and authorities cited in notes 7, 8, and 11; 8 C.J. p. 241, § 379; Id. p. 240, § 377; 28 C.J. p. 660, § 62 (citing Hatchett v. Hatchett, 28 Tex.Civ.App. 33, 67 S.W. 163, writ refused); 3 R.C.L. p. 937, § 133, and authorities cited in notes 17 and 18; Brooks v. Owen, 112 Mo. 251, 19 S.W. 723, 20 S.W. 492. So far as the rules of law governing advancements are applicable here, see, also, 20 Tex.Jur. pp. 411, 412, § 52; O'Banion v. Henry, Tex.Com.App., 96 S.W.2d 233, 235, 236, pars. 1 and 3, and authorities there cited; Perry v. First Nat. Bank, 228 Mo.App. 486, 68 S.W.2d 927; Briggs v. Wilson & Muir, 204 Ky. 135, 263 S.W. 740, par. 3; Citizens' Bank & Trust Co. v. Bradt, Tenn.Ch.App., 50 S.W. 778, par. 1.

The testimony shows without contradiction that the sole consideration for said deed was the surrender and cancellation of said note and the sum of $10 paid in cash. Considering first the cash consideration, we find it purely nominal. As such, it was not in itself sufficient, within the purview of article 3997 of our Revised Statutes, to support the conveyance by R. A. Brown to his said son of said two tracts of land, as against Naman, an existing creditor at the time of such conveyance, when the effect of the same was to divest the grantor of all property subject to execution. 20 Tex.Jur. p. 415, § 57; 46 C.J. p. 1320, § 145; Goolsby v. Manning, Tex.Civ.App., 270 S.W. 936, 938, par. 4, and authorities there cited; Davis v. Campbell-Root Lumber Co., Tex.Civ. App., 231 S.W. 167, par. 6. The said note, the only further consideration for the conveyance of said two tracts of land, was, under the authorities above cited, without consideration and unenforceable in the hands of the payee. The cancellation and surrender thereof by Boyce to his father did not constitute, as to Naman, a valuable consideration for such conveyance. See, in addition to the authorities above cited, Neal v. Foster, C.C., 36 F. 29, par. 7, affirmed Crawford v. Neal, 144 U.S. 585, 12 S.Ct. 759, 36 L.Ed. 552; Gamet v. Sim-

mons, 103 Iowa 163, 72 N.W. 444, par. 4; Bloxham v. Wallace, Tex.Civ.App., 259 S. W. 1001, par. 2; Wasson v. Martin, 190 Ark. 228, 79 S.W.2d 81, par. 1; Evans v. First Nat. Bank, Tex.Civ.App., 65 S.W.2d 366, and authorities there cited.

The trial court correctly held that the evidence showed affirmatively and without contradiction that the deed from R. A. Brown to Boyce D. Brown purporting to convey to him the land here involved was not upon a consideration deemed valuable in law, and was for that reason void as to said Naman. This being the only issue presented for consideration and determination by this court, the judgment is therefore affirmed.