

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-19-2005

# Kemp v. McFarland

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2291

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Kemp v. McFarland" (2005). *2005 Decisions.* Paper 532.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/532

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-337                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-2291
_____

JAMES KEMP
*aka* JORREL GREEN

v.

KATHRYN MCFARLAND;
ANDREA KINCHEN;
RUBY WASHINGTON

James Kemp,
Appellant

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-00830)
District Judge: Honorable Robert B. Kugler

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 11, 2005

BEFORE: ROTH, BARRY and SMITH, <u>CIRCUIT JUDGES</u>

(Filed:   September 19, 2005)

_____

OPINION

_____

PER CURIAM

James Kemp, proceeding *pro se*, appeals from the order of the United States District Court for the District of New Jersey dismissing his civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We will affirm.

When Kemp entered the South Woods State Prison in Bridgeton, New Jersey in August 2003, he appeared before the prison classification committee, headed by defendant Kinchen, and was found ineligible for reduced custody status. Kemp asserts that Kinchen erred in determining his classification and custody status because she relied on incomplete information provided by defendant McFarland, who failed to credit him with having earned a high school diploma. He contends that this classification error will add seventeen days to his time spent in prison. He alleges that defendant McFarland was responsible for compiling accurate records and that her failure to include his educational achievements and participation in self-help groups in his record violated his due process rights. Kemp also alleges that he advised defendant Washington, at a parole hearing held in October 2003, that statements made by the prosecutor as to Kemp's fitness for parole were based upon prison records provided by defendant McFarland that did not reflect his institutional history of educational and vocational progress. He alleges that Washington then violated his due process rights by continuing the hearing. He also claims that Washington conducted an "unfair and partial hearing" and denied him parole release based on the prosecutor's "biased testimony." Kemp seeks injunctive relief and damages.

The District Court granted Kemp's motion to proceed in forma pauperis but dismissed his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for

2

failure to state a claim. He then filed this timely appeal.

A prisoner in state custody cannot use a section 1983 action to challenge "the fact or duration of his confinement." Wilkinson v. Dotson, 125 S.Ct. 1242, 1245 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). Section 1983 remains available "for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner." Id. at 1247 (emphasis in original).[1]

Kemp does not directly challenge the fact or duration of his confinement. Although he complains that the use of inaccurate information in determining his custody level upon arrival at the prison will result in seventeen additional days of imprisonment, Kemp has not been deprived of earned, good time credits. Rather, his custody status has affected his eligibility to earn minimum time credits. Similarly, Kemp does not seek to overturn the October 2003 parole decision or otherwise argue that he is entitled to immediate release on parole. Instead, he asks that the Court require the defendants to institute a new system of recording and disseminating information regarding the institutional history of inmates. Because success in this action would not necessarily result in his speedier release from prison, his claims are cognizable under section 1983. We conclude, nevertheless, that Kemp's complaint properly was dismissed pursuant to section 1915(e).

Kemp cannot show that the mistaken use of an incomplete record to classify him

---

[1]The District Court adjudicated this matter without benefit of the Supreme Court's decision in Wilkinson.

upon his arrival at the prison deprived him of a custody status to which he was entitled. See Meachum v. Fano, 427 U.S. 215 (1976); Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974). Kemp concedes that this mistake was corrected and that his custody status could not then be reduced for reasons unrelated to the record of his institutional history. With respect to Kemp's claim regarding parole procedures, we agree with the District Court that Kemp was afforded the minimum constitutional protection required at his parole hearing. Kemp apprised defendant Washington at the hearing that the prosecutor had not been provided Kemp's complete institutional record, and he argued that the prosecutor's input thus was flawed. Kemp acknowledges that the parole board panel had before it the complete record of his institutional history, including his attainment of a high school diploma and his participation in self-help groups. Under these circumstances, we cannot say that the procedures followed by the panel were so deficient that a due process violation occurred. See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 17 (1979).

For the foregoing reasons, we will affirm the judgment of the District Court.