LARSEN *v.* NORTHLAND TRANSPORTATION CO.

No. 614. Argued March 14, 1934.—Decided April 2, 1934.

*Mr. Samuel B. Bassett* for petitioner.

*Mr. Edward G. Dobrin,* with whom *Messrs. Cassius E. Gates* and *Claude E. Wakefield* were on the brief, for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

For personal injuries, negligently inflicted, petitioner Larsen sought judgment in the Superior Court, King County, Washington, against respondent Transportation Company, alleged owner and operator of motor ship Norco. The complaint contained no reference to other claimants or creditors. The company made general denial; also set up contributory negligence and assumption of risk. It said nothing concerning any other creditor or claimant or desire to limit liability.

After verdict, September 22, 1932, judgment for $12,500 against the Company followed, October 1. It then petitioned the United States District Court for limitation of liability. The petition recited the circumstances leading to the judgment, prayed for an appraisement of the Company's interest as charterer and the pending freight, monition against all persons claiming damages, and appropriate decree.

Larsen moved to dismiss this petition because:—The facts alleged are not sufficient. " There is only one possible claimant and one charterer of the motor vessel Norco and, therefore, the petitioner might have claimed and ob-

tained the advantage and benefit of the limitation of liability statute by proper pleading in the action which has been determined in the Superior Court of the State of Washington for King County." " The petitioner failed and refused to claim the advantage and benefit of the limitation of liability statute, in said Superior Court of the State of Washington, and thereby waived its right to claim and obtain the advantage and benefit of said statute."

The trial court sustained this motion and dismissed the petition; the Circuit Court of Appeals reversed. The cause is here by certiorari granted upon Larsen's application, which set out the following specifications of error:—

*Langnes* v. *Green,* 282 U.S. 531, and *Ex parte Green,* 286 U.S. 437, were misconstrued; it was wrongly held that the District Court sitting in admiralty has exclusive jurisdiction to determine all questions involved in a proceeding for the limitation of liability where there is only one claimant and only one owner, and where the owner's right to limit liability is not disputed. It was wrongly held that the state court had no jurisdiction to entertain the claim of the shipowner for limitation of liability where there is only one claimant and only one owner, and where the owner's right to limit liability was not disputed. Also, that in such cases, the shipowner was under no obligation to submit his claim to limited liability to the state court, and the judgment of the state court was not *res judicata* as to all issues which might have been submitted for its decision.

In substance the argument here presented for petitioner is this: Prior to *Langnes* v. *Green* and *Ex parte Green,* decisions by inferior federal courts undoubtedly sustained the view that, while the state court might have determined the value of respondent's interest in vessel and pending freight and limited liability thereto, it was not

obligatory upon it to claim such limitation there, and after judgment for damages the right remained to institute limitation proceedings in the federal court. But, those opinions have affirmed another view, and clearly establish that the state court had jurisdiction and was competent finally to consider all necessary facts and limit the liability. Consequently, after the adverse judgment respondent could not seek limitation elsewhere—it was bound to present the whole matter to the state court.

We think it true to say that before *Langnes* v. *Green* and *Ex parte Green* the commonly approved doctrine permitted a shipowner, even when there was only one claimant, to seek limitation of liability in a federal court after judgment against him for damages by a state court. And, unless those cases are to the contrary, that rule must apply here. *White* v. *Island Transp. Co.*, 233 U.S. 346; *In re East River Co.*, 266 U.S. 355; *The S. A. McCaulley*, 99 Fed. 302; *Re Old Dominion S.S. Co.*, 115 Fed. 845; *Gleason* v. *Duffy*, 116 Fed. 298; *The Ocean Spray*, 117 Fed. 971; *Re Starin*, 124 Fed. 101; *The City of Boston*, 159 Fed. 257; *The Hoffmans*, 171 Fed. 455; *Re P. Sanford Ross, Inc.*, 196 Fed. 921; *Monongahela River Consol. Co.* v. *Hurst*, 200 Fed. 711; Hughes on Admiralty, § 172; Benedict on Admiralty (4th ed.) § 520.

In *Langnes* v. *Green* the injured employe brought an action for damages in the state court. Pending that, the employer instituted proceedings in the federal court to limit liability. The injured man was the only claimant and cause existed for regarding the limitation proceeding as intended to defeat trial by jury. This Court held, in the circumstances, the federal court should not have enjoined the state court proceeding; but that it should have retained jurisdiction. When thereafter it appeared—*Ex parte Green*—that in the state court the injured party insisted on denying the owner's right to limitation, we said

the federal court properly enjoined further proceedings. Neither of these causes supports the suggestion that when sued for damages in a state court a shipowner must at his peril claim limitation of liability in that suit.

*Carlisle Packing Co.* v. *Sandanger,* 259 U.S. 255, replying to alleged error because the trial court refused to charge as requested, said—

" Petitioner asked an instruction that § 4283 of the Revised Statutes applied, and that under it the verdict could not exceed the value of the vessel. In a state court, when there is only one possible claimant and one owner, the advantage of this section may be obtained by proper pleading. *The Lotta,* 150 Fed. 219, 222; *Delaware River Ferry Co.* v. *Amos,* 179 Fed. 756. Here the privilege was not set up or claimed in the answer, and it could not be first presented upon request for a charge to the jury." [p. 260.]

This lends no support to the view that, sued in a state court for damages, the shipowner must set up his claim for limitation; otherwise, it is waived.

Statutory provisions for limitation of liability should be construed liberally in order to effectuate their beneficent purposes. *Providence & N. Y. S.S. Co.* v. *Hill Mfg. Co.,* 109 U.S. 578, 588; *Butler* v. *Boston & Savannah S.S. Co.,* 130 U.S. 527, 549, 550; *LaBourgogne,* 210 U.S. 95, 121; *Capitol Transportation Co.* v. *Cambria Steel Co.,* 249 U.S. 334; *Evansville & B. G. Packet Co.* v. *Chero Cola Bottling Co.,* 271 U.S. 19, 21; *Hartford Accident & Ind. Co.* v. *Southern Pacific Co.,* 273 U.S. 207, 214; *Flink* v. *Paladini,* 279 U.S. 59. This view does not harmonize with the suggestion that to obtain limitation a shipowner must initiate steps to that end before any liability has been made to appear. *The Benefactor,* 103 U.S. 239. While in certain circumstances the shipowner may ask limitation in the state court, he is not compelled so to do.

Here the shipowner recognized the judgment; said nothing against its validity. The proceedings in the two courts looked towards entirely different ends.

The established rule in this Court is that if, in a second action between the same parties, a claim or demand different from the one sued upon in the prior action is presented, then the judgment in the former cause is an estoppel " only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." *Bates* v. *Bodie*, 245 U.S. 520, 526; *United States* v. *Moser*, 266 U.S. 236, 241; *United Shoe Machinery Corp.* v. *United States*, 258 U.S. 451, 458. " While a defendant must bring forward all purely defensive matter, he is not barred by a former judgment against him as to any matter which he was not bound to present and which was not in fact litigated. A judgment is not conclusive of those matters as to which a party had the option to but did not in fact put in litigation in the action." Freeman on Judgments, 5th ed., § 786.

The judgment of the Circuit Court of Appeals is

*Affirmed.*