# MARCH, 1939.

ALVIN H. JUNGEBLUT, RESPONDENT, v. ALBERT J. MARIS, APPELLANT.—
130 S. W. (2d) 681.

Kansas City Court of Appeals.  March 6, 1939.

*Fred Bellemere, Eugene R. Brouse* and *Roy W. Rucker* for appellant.

*Calvin & Kimbrell* for respondent.

CAMPBELL, C.—Plaintiff's petition alleged that on April 17,. 1933, while in the exercise of the highest degree of care he drove his: automobile in a southerly direction upon Brooklyn Avenue, a north and south street in the city of Kansas City, Missouri, and into and across Thirty-eighth Street, an east and west street in said city; that at the same time defendant carelessly and negligently drove his automobile in a westerly direction upon said Thirty-eighth street and in close proximity to the intersection of Brooklyn Avenue, in consequence of which the automobiles collided and injured plaintiff. The petition further alleged numerous specific acts of negligence on the part of defendant, among which was the violation of an ordinance of: Kansas City. Other allegations in the petition concerning the legal effect of a judgment rendered in a cause, hereinafter called the former· action, in which the present defendant was plaintiff and the present plaintiff was defendant, will be stated in our discussion of the· single question brought here on this appeal, namely, whether or not the judgment in the former action was· *res judicata* of all issues of negligence of the parties in the case at bar.'

The answer, filed in due time, was a general denial.

Trial to court and jury resulted in verdict and judgment for plaintiff for $5,000. The defendant has appealed.

The defendant in the present suit, after the jury was empanelled and before evidence was heard, tendered and requested leave to file an amended answer, which stated a general denial and that plaintiff was guilty of contributory negligence. When the request was made the defendant admitted the pleadings, verdict and judgment in the former action were correctly pleaded in plaintiff's petition in the instant cause. While the court was considering the request the defendant offered in evidence the instruction given to the jury in the former action. The request was denied upon the ground that the issues of negligence of the plaintiff and the negligence of the defendant were adjudicated in the former action and that such issues were at rest. Thereupon plaintiff introduced evidence showing the injuries suffered

by him in the collision, but did not offer any evidence tending to show that he exercised the highest degree of care or that defendant was negligent.

The defendant at the close of the evidence requested the court to direct verdict in his favor. The request was refused. Of course the defendant was entitled to the verdict unless the judgment in the former action was *res judicata* of all issues of fact concerning the negligence of the parties hereto.

The petition in the former action alleged the collision occurred upon the intersection of 38th street and Brooklyn Avenue and charged the collision was caused by the negligence of the defendant, in that he failed and neglected to keep a lookout for automobiles passing upon said intersection; negligently approached the intersection at a high and dangerous rate of speed; failed to have the automobile under control when he knew or in the exercise of ordinary care could have known that automobiles might be crossing the intersection; negligently failed to give warning of his approach. The answer alleged that if plaintiff sustained any injuries at the time and place stated in his petition such injuries were directly caused by his carelessness and negligence.

"(a) in carelessly and negligently driving his automobile, as he did at the aforesaid time and place, in a westerly direction, upon Thirty-eighth Street, and into and across the intersection of Brooklyn Avenue, to which reference is made in his petition herein, at a high, dangerous and reckless rate of speed;

"(b) in carelessly and negligently failing, as he did at the aforesaid time and place, to stop the same, check the speed thereof, or divert the course thereof, before allowing the same to come into contact and collision with the automobile which was then and there being driven by the defendant, Alvin H. Jungeblut, in a southerly direction, upon Brooklyn Avenue, and into and across the intersection of Thirty-Eighth Street; and,

"(c) in carelessly and negligently driving his automobile, as he did at the aforesaid time and place, in a westerly direction, upon Thirty-eighth Street and into the intersection of Brooklyn Avenue, while and as the automobile which was being driven by the defendant, Alvin H. Jungeblut, which had theretofore entered said intersection, was proceeding thereover, in a southerly direction."

The answer concluded with a general denial; the verdict of the jury was a general one in favor of the defendant; the judgment was in accordance with the verdict. The petition in the instant case pleaded all of the matters concerning the former action, to which we have referred, except the instructions given to the jury were referred to in general terms.

It suffices to say the final judgment of a competent court is the very end of the issues presented for determination and in some

instances of all issues which could have been presented. [North St. Louis Gymnastic Society v. Hagerman, 232 Mo. 693, 135 S. W. 42; Powell v. City of Joplin, 73 S. W. (2d) 408; Perry v. First National Bank, 91 S. W. (2d) 78.]

The question here is, what issues were determined in the former action? The petition in that cause alleged the plaintiff was injured in a collision of the automobiles on the intersection of the streets; that the collision was caused by the negligence of the defendant. The answer was not a mere general denial; it averred certain acts and omissions of the plaintiff were the direct cause of the collision. It has been held that similar allegations were sufficient to charge that a plaintiff was guilty of contributory negligence. [Cox v. Bondurant, 220 Mo. App. 948, 7 S. W. (2d) 403, 405.] Be that as it may, if the parties tried the cause upon the theory the issue of plaintiff's contributory negligence was in the case, then they were bound by such theory. [Miller v. Engle, 172 S. W. 631, 639.] The case made by the petition was one in which contributory negligence of the plaintiff would defeat recovery by him. The instructions disclose the cause was submitted to the jury upon the theory that if plaintiff were guilty of contributory negligence or if the defendant's negligence were only a contributing cause, then the verdict should be for the defendant.

Instruction No. 1 covered the whole case, was the only instruction which authorized a verdict for plaintiff; it in substance submitted to the jury whether or not defendant was negligent, as charged in the petition, and advised the jury if it found defendant were negligent, and if it further found "that plaintiff in the operation of his automobile was in the exercise of the highest degree of care for his own safety," then the verdict should be "for the plaintiff in such sum as" it found and believed would "fully compensate him for the injuries, if any, . . ."

Instruction "E" told the jury that if it found the collision was not caused by any negligence of the defendant or if it found defendant was negligent, but that his negligence, if any, was only a contributing cause, then the verdict would be for the defendant. Other instructions told the jury in effect that if the plaintiff were guilty of certain specific negligence, as stated therein, the verdict should be for the defendant. The jury, under instruction No. 1, should have found the issues for the defendant unless it found (1) that the collision was due to the negligence of defendant; (2) that the collision caused plaintiff to be injured, (3) and that plaintiff was in the exercise of the highest degree of care. Thus the jury may have returned the verdict because it found plaintiff was not injured in the collision, or it may have arrived at the verdict because it believed plaintiff was not in the exercise of the highest degree of care. The issues should have been found for the defendant under instruction E even

though the jury found defendant was negligent upon the further finding that such negligence was only a contributing cause of the collision.

It is therefore impossible for this court to determine whether or not the verdict was based upon a finding that plaintiff was not injured, or upon a finding that he was not exercising due care, or upon a finding that the negligence of defendant was only a contributing cause.

On the record this cause comes within the rule approved in the Perry case, *supra,* as follows:

"It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this had in the record—as, for example, it would appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered—the whole subject matter of action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined."

The face of the record and the extrinsic evidence fail to show that it was determined in the former action that the present plaintiff was not guilty of contributory negligence.

Furthermore, plaintiff's petition in the instant case alleged he was in the exercise of the highest degree of care and that while in the exercise of such care he was injured by the negligence of the defendant. These allegations are not consistent with the claim that all questions of negligence were settled by the judgment in the former action.

The plaintiff cites numerous cases in which it was held the rule of *res judicata* applies in negligence cases with the same force and effect as in all other cases. The rule in this State is that the one who pleads *res judicata* has the burden of proving that the "thing adjudged" in the first suit was the "same thing to be adjudged" in the second suit. [North St. Louis Gymnastic Society case, *supra.*]

In the instant case the plaintiff offered no evidence tending to show the defendant was negligent and, for that reason, the cause should not have been submitted to the jury.

The judgment is reversed and the cause remanded. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded. All concur.