Virgil PETERS, Appellant,

v.

PLATTE PIPE LINE COMPANY, a
Corporation, Respondent.

No. 45709.

Supreme Court of Missouri,
Division No. 2.

Sept. 9, 1957.

Rehearing Denied Oct. 14, 1957.

414

Robert L. Robertson, Fred J. Freel, Kansas City, for appellant.

Joseph J. Kelly, Jr., Richard H. Spencer, Howard F. Sachs, Kansas City, Spencer, Fane, Britt & Browne, Kansas City, of counsel, for respondent.

STOCKARD, Commissioner.

■ Defendant's motion, made pursuant to Section 509.290 RSMo 1949, V.A.M.S., to dismiss plaintiff's petition on the ground of res judicata was sustained by the trial court, and plaintiff has appealed from the ensuing judgment. Jurisdiction of this appeal is in this court because plaintiff seeks to set aside three right-of-way easements. Robb v. N. W. Electric Power Cooperative, Mo.Sup., 297 S.W.2d 385 [1].

In 1951, plaintiff and his wife, from whom he is now divorced but who has conveyed to plaintiff all of her interest in the lands involved, executed and delivered to defendant three instruments by which they granted to defendant a right-of-way by easement over and across the lands described therein to construct and operate a pipe line for the transportation of liquids and gases.

Plaintiff's petition is in one count. When the allegations therein are given a liberal interpretation it appears that plaintiff seeks to have the easements set aside because of fraud in the procurement in that (1) defendant's agent stated that it would not under any circumstance pay plaintiff more than $1 per rod for right-of-way for its pipe line, and would pay plaintiff $1 per rod for a right-of-way to be 40 or 50 feet in width; (2) plaintiff and his wife signed the easements because they relied on defendant's representations regarding the width and location of the right-of-way; and (3) defendant's agent knew that the width, nature and extent of the right-of-way was intended to be wider but fraudulently and wrongfully informed the plaintiff that it would be only 40 to 50 feet in width. Plaintiff then alleges that at the time he signed the easements they did not contain a description of the location of the right-of-way, but after execution and delivery thereof the defendant fraudulently, wrongfully and without the knowledge or consent of plaintiff or his then wife, filled in some blank spaces and completed said easements so that as altered and changed they still failed to define and set out that part of plaintiff's lands over which the right-of-way was to run, thereby subjecting all of plaintiff's lands to the right-of-way. Although it is by no means clear, plaintiff apparently contends that by reason of defendant's representations concerning the width of the right-of-way, there was an agreement or understanding that the three instruments were to be changed by defendant after execution and delivery, and that defendant did not make those changes. Plaintiff also alleges that false acknowledgments were added to the easements by defendant subsequent to their execution and delivery.

We are not now concerned with the sufficiency of the petition, and by setting out what we understand to be the intended basis of plaintiff's petition, we do not rule that the allegations are properly made or that if properly made they would authorize the relief requested. We seek only to determine from the petition what issues plaintiff intended to raise thereby.

The previous judgment which defendant contends to be res judicata was rendered in a suit between the same parties in the United States District Court for the Western District of Missouri. In that

suit the complaint was in four counts, but before trial counts I and II were "withdrawn" by plaintiff and were dismissed by the court "without prejudice." The allegations in count I were substantially the same as those in the petition in this case. Trial was had on counts III and IV, and at the end of plaintiff's evidence the court entered judgment for defendant after directing a verdict on both counts.

Count IV was for damages for an alleged nuisance, and it is not contended that any of the issues there litigated are res judicata in this suit. In count III plaintiff alleged that he was induced to execute the easements by representations of defendant that his land was subject to condemnation and that $1 per rod was the only price defendant paid for right-of-way and this was the amount the other landowners in the area were accepting. There was no allegation that these representations were false. Plaintiff then alleged that the defendant stated that the construction of the pipe line on his property would take only a few days and such construction would be done without interference, nuisance, interruption or damage to plaintiff's farm and to his farming operations; that defendant agreed to pay and indemnify plaintiff for and against any and all damages suffered by plaintiff as the result of the construction of the pipe line; that the construction of the pipe line caused his herd of cattle to be damaged and to depreciate in value in the sum of $15,000 and his farm and crops to be damaged in the sum of $5,000 contrary to the representations and promises of defendant made at the time plaintiff executed the easements; and that defendant has failed and refused to pay and indemnify plaintiff as agreed. The prayer was for damages in the amount of $20,000. Copies of the three easements were attached to the complaint, and each contained the provision that defendant "agrees to pay any damages which may arise to crops, buildings, drain tile, fences and timber, by reason of grantee's operations."

It would appear from count III that plaintiff sought to recover the damages resulting to his crops and farm by reason of the construction of the pipe line pursuant to an express written contract, and to recover the damages resulting to his livestock pursuant to an implied or oral agreement. However, this would leave the allegations that defendant represented that plaintiff's land was subject to condemnation and that it would pay only $1 per rod for right-of-way without any readily apparent purpose. A comment by the Federal District Judge at the close of plaintiff's evidence indicated that at least up to that stage of the trial he was of the opinion that the issues presented by count III pertained to an agreement, oral or written, on the part of defendant to pay the damages suffered by plaintiff resulting from the construction of the pipe line. The judgment entered was that the "plaintiff take nothing by reason of counts III and IV of his complaint." When, as here, it does not appear from the pleadings what matters were actually litigated and necessarily determined by the judgment, this may be shown by extrinsic evidence. Restatement, Judgments, § 68; Abeles v. Wurdack, Mo. Sup., 285 S.W.2d 544 [5]. Therefore, we shall look to the evidence presented by defendant in support of its motion in an effort to determine what matters were in fact litigated and necessarily determined in the suit in the Federal Court.

At the end of his evidence plaintiff's counsel made the following statement: "We are bringing this suit on two counts, one based on fraudulent misrepresentation of the right-of-way agreement, and secondly, we are basing a count on the theory of nuisance, and the provisions of the contract pertaining to crop damage, as we view the case, have no bearing. We have either proved that these people came in and induced Mr. Peters to sign this agreement upon the representation that any damages caused by the construction of the pipe line would be paid for, that

he would be made whole, that he wouldn't suffer by the construction of the pipe line, or we haven't proved that." Plaintiff's counsel then presented an argument to the effect that when defendant's agent stated that "we are going to pay for all your damages," plaintiff was justified in assuming that they would pay for damage to his cattle, and he was thereby "lulled into a feeling of security and signed the right-of-way agreement." The following colloquy then occurred between the District Judge and counsel for plaintiff:

"The Court: * * * Do I understand that you are going specifically on the issue of fraud on the third count of the complaint and on the question of nuisance in the fourth count of the complaint?

"Mr. Freel: That is correct.

"The Court: And that you are making no claim before the Court with reference to any damages accruing to you as a consequence of the contract, the easement contract?

"Mr. Freel: That is correct, sir.

"The Court: And that you do not deem it prudent or within the issue that you are submitting to the Court for the Court to consider on the question of either fraud or nuisance any measure of damages that might be revealed by the contract that is entered into between the parties?

"Mr. Freel: That is correct, sir, I do not deem it within the issues, within the claim that is pleaded by the plaintiff."

The court then directed a verdict for the defendant, and commented that "the plaintiff has made no case whatsoever with reference to fraud, or misrepresentation, by the evidence that has been adduced before the court."

It is an understatement to say that it is difficult to determine the ultimate issues resolved by the judgment in the Federal Court. In view of the allegations that in return for the execution of the easements defendant promised to pay plaintiff for "any and all damages" resulting from the construction of the pipe line, that the damage to plaintiff's farm and livestock was $20,000, and that defendant had "failed and refused to pay and indemnify plaintiff for said damages as agreed," it is difficult to see how it was even intended that count III state a claim based on fraud. But, assuming that such was the intent, or at least that this was the issue which was submitted to the Federal Court, we can only conclude that by count III plaintiff was seeking to recover $20,000 from the defendant for the alleged fraudulent representation that it would pay plaintiff for all damages resulting from the construction of the pipe line. The judgment of the Federal Court is based on a declaration by that Court that the evidence did not establish any fraud or misrepresentation in this respect. With this determination, albeit somewhat speculative, as to the issues of fact which were litigated and actually and necessarily determined by the judgment on count III, we shall now determine whether that judgment is res judicata of the issues of fact apparently intended to be raised by the petition in this suit.

"A former adjudication on the same cause of action between the same parties is conclusive in the second proceedings as to every issue of fact which was or might have been litigated in the first, under what is called estoppel by judgment. A judgment between the same parties on a different cause of action is binding as to the facts actually decided, and necessarily determined in rendering the judgment, under what is called estoppel by verdict." Abeles v. Wurdack, supra [1, 2] [285 S. W.2d 546]. Count III of the complaint in the Federal Court was for damages based on a "fraudulent misrepresentation" that defendant would pay for all damages resulting from the construction of the pipe line. The pending suit, when we assume the petition states a cause of action, is

to set aside three easements because of fraud in the procurement thereof, and because defendant altered (or, if we understand the petition correctly, failed to alter according to an agreement or understanding) the easements after execution and delivery. The two causes of action are different, and therefore, the judgment in the suit in the Federal Court "is res judicata as to those questions, points or matters of fact in issue which were essential to a decision in that case, and upon the determination of which the judgment was entered, but not to other issues." Abeles v. Wurdack, supra [3]; Larsen v. Northland Transportation Co., 292 U.S. 20, 54 S.Ct. 584 [3], 78 L.Ed. 1096; Laughlin v. Boatmen's National Bank of St. Louis, 354 Mo. 467, 189 S.W.2d 974 [8]; In re Delany's Estate, Mo.Sup., 258 S.W.2d 613 [2].

■■ The determination in the suit in the Federal Court that there was no fraud or misrepresentation by defendant that it would pay for damages resulting from the construction of the pipe line was a finding of an ultimate or supporting fact which was necessarily determined in rendering the judgment. Therefore, that fact is conclusive and binding on the parties in any subsequent suit between them. Abeles v. Wurdack, supra [8]; State ex rel. Gott v. Fidelity & Deposit Co. of Baltimore, Md., 317 Mo. 1078, 298 S.W. 83 [3]; Freeman, Judgments, 5th Ed., § 693. But, that fact is not an issue in the present case. The issues of fact presented by the pending petition, as we have determined them to be by giving the petition a liberal interpretation, were not actually and necessarily determined by the findings in the Federal Court. For example, one of the issues in this suit is whether false acknowledgments were added to the easements subsequent to the execution and delivery thereof. (We are not now concerned with the question of whether this would constitute grounds to set aside the easements, but see Robb v. N. W. Electric Power Cooperative, Mo. Sup., 297 S.W.2d 385.) Other issues pertain to whether defendant represented that the right-of-way was to be 40 or 50 feet in width, and whether defendant wrongfully filled in blanks on the easements subsequent to the execution and delivery thereof so that all of the lands of plaintiff were subjected to the right-of-way. (Again, we are not now concerned with the merits of these contentions on either a factual or legal basis.) No finding of an ultimate or supporting fact, actually decided and necessarily determined in rendering the judgment in the Federal Court, had any bearing on these issues. It is true that in the present suit plaintiff has alleged that defendant stated that it would not pay more than $1 per rod for right-of-way, and that this allegation, in substance, was also in count III of the complaint in the Federal Court. However, even if we assume that this issue of fact was actually and necessarily determined by the Federal Court in rendering the judgment it did, and that it is res judicata in the present suit, the action of the trial court in dismissing the entire petition on the grounds of res judicata was not thereby authorized.

We have had some difficulty in reconciling the statement of plaintiff's counsel as to the issues presented by count III of the complaint in the Federal Court with what was therein pleaded, but if we should consider that count III presented issues pertaining to plaintiff's right to recover on a written or an oral contract to pay for all damages to plaintiff's farm and livestock resulting from the construction of the pipe line, the result on this appeal necessarily would be the same. The causes of action in that and this suit would be different, and the issues of fact in that suit which were actually decided, ultimate or supporting and necessarily determined, would not have been determinative of the issues in the present suit.

We have read carefully the cases cited by respondent and are of the opinion that they support the conclusion here reached. While we have indicated that the petition is not totally immune from attack on other

**418**

grounds, it is not subject to being dismissed on the grounds of res judicata.

In view of the conclusion we have reached, we need not consider the contention of plaintiff that the trial court's order dismissing his petition was erroneous because of the lack of notice to him.

The judgment is reversed, and the cause is remanded.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.