In the Matter of the ESTATE of Susie
E. DAVIS, Deceased, Opal D. Meyer,
Executrix, Appellant,

v.

Roy DAVIS and Robert Davis,
Respondents.

No. KCD 29391.

Missouri Court of Appeals,
Kansas City District.

Nov. 27, 1978.

Dale Reesman, Williams, Reesman & Tate, Boonville, for appellant.

W. F. Daniels, Fayette, for respondents.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

PER CURIAM.

Opal D. Meyer, Executrix of the Estate of Susie E. Davis, deceased (appellant), has appealed from a judgment entered by the Circuit Court of Johnson County, at the behest of Roy Davis and Robert Davis (respondents), striking 372.88 acres of real property (known as the "Elliott Land") situate in Howard County, Missouri, from the inventory and appraisement filed in the Estate of Susie E. Davis, deceased.

A profusion of peripheral matters tend to obscure the facts and issues in this case and give it a false complexity. For this reason an effort has been made, both as to facts and issues, to focus attention solely upon those rudimentary facts and decisive issues necessary to dispose of this appeal.

The former husband of Susie E. Davis, deceased, Joe Davis, preceded her in death.

Following his death, and more particularly on August 10, 1970, while Susie E. Davis was still living, Roy Davis and Robert Davis, sons of Joe Davis, deceased, as plaintiffs, filed a petition in the Circuit Court of Howard County captioned "Petition for Declaratory Judgment". Susie E. Davis and Kemper State Bank (mortgagee) were named as defendants. The prayer clause of the petition sought a judgment declaring "the rights, title and interests of the Plaintiffs and the Defendant Susie E. Davis, in and to" the "Elliott Land", same being the tract of real property which lies at the heart of the present appeal.[1] Defendants were duly served, filed answers and appeared at the trial of said cause. In due course a final judgment was entered on June 21, 1971, wherein, after reciting certain findings of fact, it was "ordered, adjudged and decreed that the defendant Susie E. Davis has a life interest in the real estate herein described and upon her death the fee simple title to said real estate shall be vested in plaintiffs Roy Davis and Robert Davis." No appeal was taken by either Susie E. Davis or Kemper State Bank (mortgagee) from the judgment entered in the "declaratory" action.

Susie E. Davis died on December 14, 1974, and on January 17, 1975, her last will and testament was admitted to probate by the Probate Court of Howard County, Missouri, and Letters Testamentary were issued to Opal D. Meyer, Executrix of the Last Will and Testament of Susie E. Davis, deceased. The "Elliott Land" was unconditionally included in the inventory and appraisement filed in the Estate of Susie E. Davis, deceased, as an asset of her estate. Roy Davis and Robert Davis filed a motion in the Probate Court of Howard County to strike the real estate in question from the inventory and appraisement filed in the Estate of Susie E. Davis, deceased, and by stipulation

---

1. The antagonistic claims of Roy Davis and Robert Davis, on the one hand, and Susie E. Davis, on the other hand, with respect to the "Elliott Land" apparently arose from certain contractual provisions contained in a joint and mutual will executed by Joe Davis and Susie E. Davis which stood unrevoked by Joe Davis at the time of his death. It appears that the trial court treated the "Petition for Declaratory Judgment" as a statutory action brought under Section 527.150, RSMo 1969, to ascertain and determine the estate, title and interest of the respective parties in and to the "Elliott Land".

of counsel the hearing on said motion was removed to the Circuit Court of Howard County and ultimately heard by the Circuit Court of Johnson County on change of venue.

The judgment entered by the Circuit Court of Johnson County, from which the present appeal lies, recited, inter alia, that "the 1971 judgment vested a life estate in Susie Davis and a remainder in Roy and Robert Davis . . . Susie Davis did not appeal that judgment . . . and that judgment . . . is binding on her estate" and the "Elliott Land" "passed by operation of law to Roy and Robert Davis upon the death of Susie Davis, and was therefore improperly inventoried in her estate." The decretal portion of the judgment entered by the Circuit Court of Johnson County "ordered, adjudged and decreed" that the "Elliott Land" "be stricken from the inventory in the estate of Susie Davis".

A pragmatic analysis of the numerous points and sub-points raised by appellant and the response to them by respondents, points the way for condensing these multitudinous issues into one principal issue for dispositional purposes. Once done, the resultant principal issue may best be understood by posing it in the form of a question—was the 1971 final judgment entered in the Circuit Court of Howard County binding on the Estate of Susie E. Davis, deceased? If it was, the judgment entered by the Circuit Court of Johnson County in the instant case striking the "Elliott Land" from the inventory and appraisement filed in the Estate of Susie E. Davis, deceased, must stand.

The doctrine of estoppel by verdict comes into play in determining the binding effect vel non of the 1971 judgment in the instant case. On occasion this doctrine is referred to as collateral estoppel and the two terms, estoppel by verdict and collateral estoppel, are sometimes used interchangeably. *City of St. Joseph v. Johnson,* 539 S.W.2d 784, 785 (Mo.App.1976). Although estoppel by verdict or collateral estoppel has been spoken of as "an aspect or refinement of the

general rule of res judicata", *In re Estate of Laspy,* 409 S.W.2d 725, 736 (Mo.App. 1966), the doctrine of res judicata or estoppel by judgment and the doctrine of estoppel by verdict or collateral estoppel are legally heterogeneous doctrines. *Smith v. Preis,* 396 S.W.2d 636, 640 (Mo.1965), clearly distinguishes the difference which exists between them, even though in a broad general sense they both have to do with the effect of previously rendered judgments in subsequent judicial proceedings: "A former adjudication *on the same cause of action between the same parties* is conclusive in a second proceeding as to every issue of fact which was or might have been litigated in the first under what is called *res judicata* or estoppel by judgment[,] *Abeles v. Wurdack,* Mo., 285 S.W.2d 544, 546[,] . . . [h]owever, a judgment *between the same parties on a different cause of action* is binding as to the facts actually decided, and necessarily determined in rendering the judgment under what is called *estoppel by verdict . . . Abeles v. Wurdack, supra.*" (Emphasis added.)

■ As the prior "declaratory judgment" action and the present action to strike the "Elliott Land" from the inventory and appraisement filed in the Estate of Susie E. Davis, deceased, are obviously different causes of action the doctrine of res judicata or estoppel by judgment is clearly inapplicable and if in the instant case the 1971 judgment is binding on the Estate of Susie E. Davis, deceased, the doctrine of estoppel by verdict is the legal conduit for making it binding.

■ There is no escape from the conclusion that the Circuit Court of Howard County in rendering the 1971 judgment "actually decided, and necessarily determined" on the basis of the facts before it that "Susie E. Davis [had] a life interest in the . . . [Elliott Land] and upon her death the fee simple title to said real estate shall be vested in plaintiffs Roy Davis and Robert Davis". It is axiomatic, by reason of the applicability of the doctrine of estoppel by verdict, that the 1971 judgment is binding upon not only those parties to the

present action who were also parties to the original 1971 action but also upon those in privity with a party to the original action. Privity clearly exists between Opal D. Meyer, Executrix of the Estate of Susie E. Davis, deceased, and testatrix and decedent Susie E. Davis, who during her lifetime was a party to the original action. *In re Delany's Estate,* 258 S.W.2d 613, 616 (Mo.1953); and *In re Thomasson's Estate,* 355 Mo. 274, 196 S.W.2d 155, 159 (Mo.1946). It makes no difference that Kemper State Bank (mortgagee), a party to the original action, is not a party to the present action. *In re Delany's Estate, supra;* and *Young v. Byrd,* 124 Mo. 590, 28 S.W. 83, 84 (1894).

Appellant, obviously anticipating invocation of the doctrine of estoppel by verdict to support the judgment from which the present appeal was taken, has advanced a number of reasons in her brief, many of which overlap and some of which have previously been answered, as to why the doctrine is inapplicable. Elimination of the overlapping and previously answered reasons reduces those which remain to three in number.

■ First, appellant claims the doctrine of estoppel by verdict is inapplicable because the question of whether the "Elliott Land" would be subject to "debts, taxes or expenses of administration" of Susie E. Davis upon her death was never raised or decided in the action which culminated in the 1971 judgment entered by the Circuit Court of Howard County. The ultimate material fact issue "actually decided and necessarily determined" in the original action, i. e., the nature and extent of the estate, title and interest of the respective parties in and to the "Elliott Land", was fully litigated and decided adversely to appellant as she is the privy of Susie E. Davis, deceased, a party to the original action. See *In re Delany's Estate, supra.* At this juncture certain apposite legal tenets are worthy of mention. "An estate for the tenant's own life terminates immediately on the death of the tenant, and the estate passes by operation of law to the remainderman". 31 C.J.S. Estates § 65(2), pp.

125–26. "Since . . . on the death of the tenant for his own life his life estate terminates, land in which he had a life interest is not subject to a lien for his debts, nor is the corpus of the estate chargeable with his debts and funeral expenses." 31 C.J.S. Estates § 33 p. 60. "On the determination of a life estate in any manner the remainderman has a right to immediate possession; no interest passes to the life tenant's heirs or to his personal representatives." 31 C.J.S. Estates § 65 b, p. 130. Drawing upon these basic legal tenets, the ultimate material fact issue litigated in the original action, i. e. the nature and extent of the estate, title and interest of the respective parties in and to the "Elliott Land", and the present availability of the "Elliott Land" to answer for the "debts, taxes or expenses of administration" chargeable against the Estate of Susie E. Davis, deceased, are inextricably bound together and the 1971 judgment entered by the Circuit Court of Howard County, via the doctrine of estoppel by verdict, bars appellant's present contention that said land is subject to "debts, taxes or expenses of administration" chargeable against the Estate of Susie E. Davis, deceased.

■ Second, appellant contends that certain inconsistencies between the recital portion and the decretal portion of the 1971 judgment strips it of any legal efficacy in the present action, notwithstanding the doctrine of estoppel by verdict. The decretal portion of a judgment, in the event of an inconsistency with a recital portion, governs and controls, and takes precedence over an inconsistent recital portion. *Casper v. Lee,* 362 Mo. 927, 245 S.W.2d 132, 141 (banc 1952); and *Page v. Page,* 516 S.W.2d 537, 539–40 (Mo.App.1974). The prevailing decretal portion of the 1971 judgment nullifies any impact that might otherwise be attributed by appellant to any inconsistencies contained in the recital portion of the judgment.

■ Third, appellant contends the 1971 judgment cannot be raised as a bar to her unconditional inclusion of the "Elliott Land" in the inventory and appraisement

filed in the Estate of Susie E. Davis, deceased, because the underlying action precipitating the 1971 judgment was erroneously decided. As held in *Metcalf v. American Surety Co. of New York,* 360 Mo. 1043, 232 S.W.2d 526, 529–30 (1950), "nothing is better settled than the principle that an erroneous judgment has the same effect as to res judicata as a correct one  .  .  . [i]t has been held 'that when a court has jurisdiction, it has jurisdiction to commit error'  .  .  .  [and] [i]f it was to be asserted that the judgment rendered in the former action was erroneous, the plaintiffs' remedy was by appeal and not by attacking the judgment as void in another proceeding." See also *St. Bethel Missionary Bapt. Ch. v. St. Louis Bldrs., Inc.,* 388 S.W.2d 776, 780 (Mo.1965); and *Penner v. Whitesell,* 538 S.W.2d 772, 773 (Mo.App.1976).

No issue has been raised as to whether the "Elliott Land", pursuant to Section 473.233.1(7), RSMo 1969,[1] should have been separately listed for information purposes in the inventory filed in the Estate of Susie E. Davis, deceased.

Judgment affirmed.

All concur.

---

1. Section 473.233.1(7)

"(7) All property possessed but not owned by the decedent at his death shall be listed in the inventory, but separately from other property, together with a statement as to the knowledge of the executor or administrator as to its ownership;".