Charles A. GRIFFITH, Appellant,

v.

Sgt. Arthur HAMMER et al., Respondent.

No. 40664.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 18, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 15, 1980.

Application to Transfer Denied April 8, 1980.

Kero Spiroff, St. Louis, for appellant.

John J. Morton, Jack L. Koehr, St. Louis, for respondent.

**REINHARD, Judge.**

Plaintiff brought this suit seeking actual and punitive damages. He alleged that the wrongful, willful, and malicious seizure of his property by the defendant police officers forced him to employ an attorney and incur other costs in order to recover the property. Defendants moved to dismiss claiming the immediate action was barred by the doctrine of res judicata because the exact issue was previously litigated in a suit by plaintiff to recover the property from the Board of Police Commissioners. The defendants requested and were granted permission to present evidence, in support of their motion. They introduced a substantial amount of evidence with the specific understanding that its sole purpose was to enable the court to rule on the motion to dismiss. Most of the evidence went far beyond the issue of res judicata and was admitted over the objection of plaintiff. Plaintiff produced rebuttal evidence stating that it was to be used only in determining the issues raised in defendants' motion to dismiss.

The court entered the following order:

### JUDGMENT, ORDER AND DECREE

This cause comes before the Court on plaintiff's petition in two counts for actual and punitive damages against defendants occasioned by defendants' alleged wrongful seizure of plaintiff's property through execution of a search warrant at plaintiff's place of business and home.

Messrs. John F. Mulligan and Kero Spiroff appeared as attorneys for plaintiff, and Mr. John J. Morton, Assistant City Counselor of the City of St. Louis, appeared for defendants.

Defendants filed a motion to dismiss. A hearing was held, evidence adduced. Memoranda was filed by counsel for all parties and the cause was submitted. The Court, sitting in equity, decides the cause on its merits, and having considered the evidence, the memoranda of counsel, the entire record, and being fully advised in the premises, does now enter its judgment and decree herein and enters judg-

ment for defendants and against plaintiff on each count of the petition, and dismisses plaintiff's petition. Costs are assessed against plaintiff.

Plaintiff appeals from this order.

 On appeal, plaintiff properly argues that the circuit court had no authority to rule on the merits of the suit. The only issue before the court was the propriety of granting defendants' motion to dismiss on the ground of the doctrine of res judicata. We also note that the court erroneously concluded that plaintiff's action was equitable in nature. The relief prayed for in plaintiff's petition was legal, not equitable, and therefore the court could not have reached the merits of the suit on this basis.

Defendants make no effort to defend the court's action in ruling on the merits. They argue that we should sustain the trial court because the issues in this case were litigated in plaintiff's replevin action and therefore this action was barred by the doctrine of res judicata. They further argue that the court's action can be affirmed because they as police officers are protected by sovereign immunity.

We may, of course, affirm the trial court's order of dismissal if any of the grounds asserted for dismissal are valid. *Butler v. Cerculus Inc.*, 557 S.W.2d 469, 471 (Mo.App.1977). Since we do not agree with defendants' assertion that the issue of sovereign immunity was presented by their motion, the sole issue for consideration by the circuit court was that of the applicability of the doctrine of res judicata. The court took judicial notice of the records in plaintiff's suit to recover the property,[1] but made no explicit determination as to the issue of res judicata. In view of the record, we assume the court found no merit in this contention and we agree.

 Generally, the doctrine of res judicata relates to the effect of a previously rendered judgment in a subsequent judicial proceeding. *Estate of Davis v. Davis*, 574 S.W.2d 477, 479 (Mo.App.1978). Res judicata involves "[a] former adjudication on the same cause of action between the same parties [which] is conclusive in the second proceeding as to every issue of fact which was or might have been litigated in the first . . . ." *Abeles v. Wurdack*, 285 S.W.2d 544, 546 (Mo.1955). Another aspect of res judicata is the doctrine of collateral estoppel. Collateral estoppel involves "a judgment between the same parties on a different cause of action [which] is binding as to facts actually decided, and necessarily determined in rendering the judgment . . . ." *Id.*

 Since the defendants were not parties in plaintiff's suit to recover the property, it is apparent that they were raising the defense of collateral estoppel. Missouri follows the rule of mutuality of estoppel which requires that the judgment be binding on both parties. *Agnew v. Union Construction Co.*, 291 S.W.2d 106, 109 (Mo. 1956). However, absolute mutuality of parties is not essential to the application of collateral estoppel. This court stated in *Gerhardt v. Miller*, 532 S.W.2d 852, 854–55 (Mo.App.1975):

Mutuality of parties, however, is not always required. There is an exception to this requirement that allows a stranger to the original litigation to assert the defense of res judicata against a party bound by the judgment so as to preclude the relitigation of an issue determined in the prior action. This is true where parties to the original action or their privies instituted a subsequent action against a defendant who had no part or representation by privy in the prior action but who asserts the defense of res adjudicata.

Thus, while defendants were "strangers to the judgment" rendered in plaintiff's action for recovery of the property, they may properly assert the defense of collateral estoppel.

 Having overcome the hurdle of mutuality, defendants must still demonstrate that the issue which plaintiff attempted to litigate in the present case, was identical to the issue adjudicated in his re-

---

1. The record of that suit was not included in the transcript filed in this court.

plevin action. It is here that defendants' assertion of res judicata fails. Plaintiff was not attempting to relitigate the question of his right to the property, but was instead, trying to obtain a decision on his right to damages. If, as defendants urge, res judicata was the proper defense, plaintiff would be precluded from litigating the issue of damages in his present suit because this was an issue which might have been litigated in his suit to recover. the property. However, since collateral estoppel bars only a new determination on issues once adjudicated and does not reach issues which might have been litigated, dismissal on the theory of collateral estoppel would not be proper.

Reversed and remanded.

DOWD, P. J., and CRIST, J., concur.