Charles Maynard CARRON, Appellant,

v.

Lorena Mae CARRON, Respondent.

No. 43878.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 2, 1982.

Alice L. C. Kramer, Hollingsworth & Kramers, Hillsboro, for appellant.

Lorena Mae Carron, pro se.

REINHARD, Presiding Judge.

Husband appeals from an order dismissing his petition for dissolution of marriage for lack of jurisdiction. We reverse and remand.

Husband filed his petition for dissolution on April 21, 1980. He alleged that he "is and has been a resident of the State of Missouri for 36 years immediately prior to the filing of this Petition . . . ." Wife filed a motion to dismiss for lack of jurisdiction which read as follows:

> 1. Comes now Respondent LORENE MAE CARRON, and moves the dismissal of the petition of the Petitioner, CHARLES MAYNARD CARRON, herein on the grounds that the Court has no jurisdiction of the subject matter of the action in that CHARLES MAYNARD CARRON was not a resident of the State of Missouri ninety (90) days next preceding the commencement of the action.
>
> 2. Additional facts in support of the motion are found in the attached affidavit.

An affidavit filed with this motion stated, among other things, that wife had previously filed a petition for dissolution of marriage in the State of California.

A hearing was held on wife's motion. The only evidence presented was testimony of husband which generally supported his claim that he had always been a resident of Missouri. At the end of the hearing the court stated the following:

> There is no challenge on substituted service of the California action. That action preempts the service here. I'm going to sustain the motion to dismiss for want of jurisdiction, and I will take care of the other matter later. But, there is a California divorce case that preempts this one, and it's going to be heard there.

The court sustained wife's motion to dismiss.

Residency for ninety days next preceding the commencement of the proceedings is a jurisdictional requirement. § 452.305 RSMo. 1978; *Grant v. Grant*, 324 S.W.2d 382, 386 (Mo.App.1959). But the record in-

dicates that the court did not base its ruling on a finding that husband was not a resident; rather, the court was of the opinion that a prior suit filed in California preempted any action in Missouri.

The pendency of the action in California did not deprive the trial court of jurisdiction in this case. *State ex rel. Miller v. Jones*, 349 S.W.2d 534, 539–40 (Mo.App. 1961); *Coffey v. Coffey*, 71 S.W.2d 141 (Mo. App.1934). If the court were satisfied that husband could obtain the same relief in California, it could, upon proper motion, exercise its discretion to stay the action in favor of the California suit. *Searles v. Searles*, 495 S.W.2d 759, 761 (Mo.App.1973); Annot., 19 A.L.R.3d 301 (1951).

Nevertheless, wife's motion did not request a stay of proceedings, and the issue cannot be said, on the record before us, to have been tried by consent. Therefore, the issue was not before the court in the hearing on wife's motion to dismiss, and the court had no authority to rule on it. *See, Griffith v. Hammer*, 595 S.W.2d 292 (Mo. App.1979). Dismissal on that basis was error.

Judgment reversed and remanded.

SNYDER and CRIST, JJ., concur.